IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| ROYANN BYERS-WANKE, | : | Case No. 2:04 CV 1198 DAK |
|     Plaintiff, | : | |
| | | MEMORANDUM DECISION & ORDER |
| vs. | : | |
| | | JUDGE DALE A. KIMBALL |
| METROPOLITAN LIFE INSURANCE COMPANY, | : | |
| | | MAGISTRATE JUDGE BROOKE C. WELLS |
|     Defendants. | | |

Plaintiff, Royann Byers-Wanke, seeks leave to conduct discovery to supplement the administrative record before the court.[1] On January 10, 2006, the court heard oral argument on Ms. Byers-Wanke's motion. Plaintiff was represented by York Major. Defendant was represented by Jim Barnett. Having fully considered the parties submissions and arguments the court finds that further discovery is not warranted in this case except into one possible area that is allowed under the C.F.R. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to conduct discovery is DENIED except to the extent that if there was an internal rule, guideline, protocol, or other similar criterion relied upon

---

[1] *See* Motion, docket no. 17.

in denying Plaintiff's benefits then it must be provided pursuant to 29 C.F.R. § 2560.503-1(g)(1)(v)(A).

In her motion Ms. Byers-Wanke specifically seeks to take three depositions, those of Dr. Philip V. Savia Jr., Douglas A. Burdick, and Carol Walker. Additionally, Plaintiff seeks "any document, record, or other information demonstrating compliance with the plan's consistency safeguards"[2] whether or not it was relied upon in making a benefit determination. Finally, Ms. Byers-Wanke also requests Defendant MetLife to "create a list of 'administrative precedents' regarding how the medical condition at issue in the case had been treated in prior appeal decisions."[3] Ms. Byers-Wanke's claims arise out of the administration of an employee welfare benefit plan subject to the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. In ERISA appeals, like the instant action, discovery is not always warranted nor needed. In an ERISA case subject to the arbitrary and capricious standard of review, a district court "'is to focus on the evidence before the trustees at the time of their final decision and is not to hold a *de novo* factual hearing on the question of the applicant's

---

[2] Mem. in Supp. p. 3.

[3] *Id.* p. 4.

eligibility.'"[4] But, a district court may, in its discretion supplement the administrative record "'when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.'"[5] Thus, whether or not discovery is warranted in an ERISA case often depends on the applicable standard of review.

In the instant case MetLife is both the administrator and the insurer of the Plan. The Plan grants MetLife discretionary authority to determine entitlement to benefits. Based on this, the parties both agreed at oral argument that the arbitrary and capricious standard of review applies to this case.[6] The Tenth Circuit has recognized that a "primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously."[7] In essence, "[p]ermitting or requiring district courts to consider evidence from both parties that was not presented to the plan

---

[4] *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 381 (10th Cir. 1992) (quoting *Wardle v. Central States, Southeast & Southwest Area Pension Fund*, 627 F.2d 820, 824 (7th Cir. 19870)).

[5] *Hall v. UNUM Life Ins. Co. of America*, 300 F.3d 1197, 1202 (10th Cir. 2002).

[6] *See Trujilo v. Cyprus Amax Minerals Co. Ret. Plan Comm.*, 203 F.3d 733, 736 (10th Cir. 2000) ("'A court reviewing a challenge to a denial of employee benefits under 29 U.S.C. § 1132(a)(1)(B) applies an 'arbitrary and capricious' standard to a plan administrator's actions if the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms.'") (quoting *Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.2d 1132, 1135 (10th Cir. 1998)).

[7] *Sandoval*, 967 F.2d at 380.

administrator would seriously impair the achievement of that goal."[8]

MetLife admits that there is a conflict of interest in this case. A court's analysis does change when an administrator is operating under a conflict of interest.[9] "[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighted as a 'facto[r] in determining whether there is an abuse of discretion.'"[10, 11] The Tenth Circuit has determined that a "sliding scale" approach is appropriate when there is a conflict of interest.[12] "Under [the sliding scale] approach the reviewing court will always apply an arbitrary and capricious standard, but the court must decrease the level of deference given to the conflicted administrator's decision in proportion to the seriousness of the conflict."[13] But, "[t]o say that there is a

---

[8] *Id.*

[9] *See Fought v. Unum Life Ins. Co. of America*, 379 F.3d 997, 1003.

[10] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (quoting *Restatement (second) of Trusts § 187*, cmt. d (1959)).

[11] The terms "arbitrary and capricious" and "abuse of discretion" are treated as interchangeable by the Tenth Circuit. *See Fought*, 379 F.3d at 1003 n. 2; *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 n. 1 (10th Cir. 1996) ("Some circuit courts have recently distinguished between these two standards and have concluded that the abuse of discretion standard is more appropriate. Most courts, however, have held that this is a distinction without a difference. We agree and adhere to the arbitrary and capricious standard of review.") (internal citations and quotation marks omitted).

[12] *See Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 (10th Cir. 1996); *see also Fought*, 379 F.3d at 1004.

[13] *Chambers*, 100 F.3d at 825.

...

sliding scale of deference, however, merely begs the question: *how much* less deference ought a reviewing court afford?"[14] Thankfully, the Tenth Circuit provided guidance in *Fought*.

In *Fought*, the court divided a conflict of interest into essentially two broad categories, (1) standard conflict of interest and (2) inherent conflict of interest.[15]  "[I]n every case in which the plan administrator operates under a conflict of interest--or a 'standard' conflict of interest case--the plaintiff is required to prove the existence of the conflict."[16] If a plaintiff cannot establish a serious conflict of interest, then the defendant's standard conflict of interest is considered as "one factor in determining whether defendant's denial of disability benefits to plaintiff was arbitrary and capricious."[17]

In contrast, "[w]hen the plan administrator operates under either (1) an inherent conflict of interest, . . .; (2) a proven conflict of interest; or (3) when a serious procedural irregularity exists, and the plan administrator has denied coverage, an additional reduction in deference is appropriate."[18] Under this less deferential standard, the plan administrator

---

[14]  *Fought*, 379 F.3d at 1004 (emphasis in original).

[15]  *Fought*, 379 F.3d at 1005-06.

[16]  *Id.* 1005.

[17]  *Id.*

[18]  *Id.* 1006.

"bears the burden of proving the reasonableness of its decision pursuant to this court's traditional arbitrary and capricious standard."[19]

Based on the record before the court, the parties' representations, and the foregoing, the court finds that an "additional reduction in deference is appropriate."[20] But, the court declines to articulate exactly how much of an additional reduction in deference along the sliding scale is appropriate. Such a determination in this court's view is better left to the district court which may eventually try this case. Given the conflict of interest in this case, an important question remains before this court. Is discovery beyond the current administrative record warranted because of the additional reduction in deference? The court finds that it is not.

The case law of this circuit does not support the automatic need for additional discovery under the arbitrary and capricious standard of review when there is a reduction in the amount of deference afforded a plan administrator. In *Fought*, the Tenth Circuit clarified how a conflict of interest changes a court's review of a plan administrator's decision to deny benefits. The court did not explicitly decide whether or not discovery is

---

[19] *Id.*

[20] *Id.; see also Pitman v. Blue Cross & Blue Shield of Okla.*, 217 F.3d 1291, n.4 (10th Cir. 2000) (noting that "as both insurer and administrator of the plan, there is an inherent conflict of interest between it discretion in paying claims and its need to stay financially sound").

warranted in a conflict of interest case. But, the *Fought* decision, as well as other decisions in this circuit, are made against the backdrop of an artculated goal of ERISA, which is to allow disputes over benefits to be decided inexpensively and expeditiously.[21] In the instant case the court finds that allowing all the discovery Ms. Byers-Wanke seeks would jeopardize this goal and disrupt the balance congress intended when creating the ERISA system. Accordingly, the court DENIES her request for additional depositions and a list of administrative precedents regarding how MetLife treated similar cases.

Finally, both in her moving papers and at oral argument, Plaintiff requests any "document, record, or other information demonstrating compliance with the plan's consistency safeguards, without regard to whether such document, record, or other information was relied on in making the benefit determination."[22] In support of this request, Royan cites to *Cannon v. UNUM Life Ins. Co*, 219 F.R.D. 211 (D.Me. 2004), and 29 C.F.R. § 2560.503-1(g)(1)(v)(A) which requires "production of any specific internal rule relied upon."[23]

In *Cannon*, the court allowed discovery into administrative precedents regarding the same illness that the plaintiff had in

---

[21] *See Sandoval*, 967 F.2d at 380.

[22] Pla.'s Rep. p. 3.

[23] *Id.*

addition to requiring internal guidelines.  That case, however, is persuasive authority and the court finds it should be interpreted narrowly to the extent it is relied upon given Tenth Circuit precedent.  Accordingly, the court declines to allow Plaintiff such broad discovery in this case.

The C.F.R., in relevant part states, "[i]f an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination . . . a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request."[24]  By Plaintiff's own admission in her moving papers, and consistent with a plain reading of 29 C.F.R. § 2560.503-1(g)(1)(v)(A), an internal rule, guideline, protocol, or other similar criterion, need only be provided by a plan provider if it was relied upon in making an adverse determination.[25]  Thus, if such an internal rule, guideline, protocol or criterion was not relied upon then it need not be provided.[26]

Based on the foregoing, the court finds that if an internal rule, guideline, protocol, or similar criterion (policies, incentives etc.) was used in making the determination about Plaintiff's benefits then it should be provided.  Therefore, the

---

[24] 29 C.F.R. § 2560.503-1(g)(1)(v)(A).

[25] *See id.; see also* Pla.'s Rep. p. 3.

[26] *See* 29 C.F.R. § 2560.503-1(g)(1)(v)(A).

court hereby ORDERS MetLife to file with the court an affidavit within 30 days from the entry of this order addressing specifically whether or not any internal rule, guideline, protocol, or similar criterion was used in making Ms. Byers-Wanke's benefits determination. If any were used, then it is to be provided to Plaintiff within 30 days from the entry of this order.

    IT IS SO ORDERED.

    DATED this __17th__ day of January, 2006.


BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge